# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-1636 PA (SPx) | Date | August 16, 2017 |
|---|---|---|---|
| Title | Wilmington Trust, N.A. v. Martha Viveros, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Martha Viveros ("Defendant") on August 14, 2017. In its Complaint, plaintiff Wilmington Trust, N.A., as Successor Indenture Trustee, to Citibank, N.A., as Indenture Trustee of Structured Asset Mortgage Investments II Inc., Bear Stearns ARM Trust 2007-2, Mortgage-Backed Notes, Series 2007-2 ("Plaintiff") alleges a single state law claim for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-1636 PA (SPx) | Date | August 16, 2017 |
|---|---|---|---|

| Title | Wilmington Trust, N.A. v. Martha Viveros, et al. | | |

Here, the underlying Complaint contains only a single cause of action for unlawful detainer, which does not arise under federal law. Defendant alleges that "[t]he grounds for such removal is based on claims 'arising under' FEDERAL LAW Namely, as to Federal Jurisdiction resulting from the Moving Party's Discovery Request and Demand for: 'The ORIGINAL BLUE INKED PROMISSORY NOTE', and as to identify the statutory basis for the discovery request/demands and other claims." (Notice of Removal ¶ 3.) However, Defendant's discovery requests do not create arising under jurisdiction. See Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) ("Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"). Defendant has therefore failed to invoke this Court's federal question jurisdiction.

Defendant has also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). The citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction."); Inmexti, S. de R.L. de C.V. v. TACNA Services, Inc., No. 12-cv-1379 BTM (JMA), 2012 WL 3867325, at *2 (S.D. Cal. Sept. 6, 2012) ("When determining the citizenship of a domestic LLC or LLP, the court looks to the citizenship of each member.").

Here, Defendant has failed to establish that there is complete diversity or that the amount in controversy exceeds $75,000. First, neither the Complaint nor the Notice of Removal affirmatively allege Plaintiff's citizenship. Second, in unlawful detainer actions, the title to the property is not involved; only the right to possession is implicated. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than by the value of the subject real property. Id. Here, Plaintiff filed a Limited Civil Case which is limited to damages of less than $10,000. Given that the value of the subject real property is not in controversy, Defendant has failed to show that this action meets the minimum jurisdictional requirement.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-1636 PA (SPx) | Date | August 16, 2017 |
|---|---|---|---|
| Title | Wilmington Trust, N.A. v. Martha Viveros, et al. | | |

For the foregoing reasons, Defendant has failed to meet her burden of showing that federal question or diversity jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to Riverside County Superior Court, Case No. SWC1700904. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.